Rosa Carreras y Freyre et al., Plaintiffs and Appellees, *v.* José E. Pérez et al., Defendants and Appellants.

No. 4543. Argued June 18, 1928.—Decided July 28, 1928.

*José Tous Soto, P. Amado Rivera* and *Joaquina Pérez* for the appel-lants.   *A. Marín Marién* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The appellees have made a new motion for dismissal in this case on the ground that the judgment rendered was notified to an attorney who was not the attorney of record and that the appeal was taken by that attorney without authority.

The appellants opposed the motion and exhibited several documents with their written opposition.   Among them is an order from the district court from which we quote the following:

"There appears in the record a notice of appeal, filed on March 23, 1928, in the names of María and Severo Candelario Becerril by attorney Pedro Almado Rivera, from the judgment of this court of January 13, 1928; and the court can not overlook the fact that although none of the pleadings are signed by attorney Pedro Amado Rivera, he appeared at the trial as counsel for the said María and Severo Candelario y Becerril in substitution of Ramón A. Martínez who is absent from Porto Rico, and that attorney M. Tous Soto appeared as attorney for the defendants, the court making it so appear in its judgment by saying that 'the defendants appeared by their attorneys M. Tous Soto and Pedro Amado Rivera.'   As soon as attorney Pedro Amado Rivera appeared at the trial he became the attorney of record of the party whom he represented."

The appellees rejoined by alleging that notwithstanding the statement made by the district court, Rivera was not the attorney of record because he could be so only in accordance with rule 26 of that court and he was not included in any of the cases specified therein.

That rule reads as follows:

"An attorney of record is one who has appeared in the action and he shall be understood to have appeared when his name is signed to the pleadings or to any stipulation between the parties filed in the case. Said attorney shall be considered with the right to continue as such until the termination of the suit, unless something to the contrary appears from the records."

There is no doubt that attorney Ramón A. Martínez, as shown by the very motion to dismiss, represented one of the defendants in the litigation. If the said attorney is absent from Porto Rico and if the other attorney, Pedro Amado Rivera, appeared at the trial as his substitute and in representation of the party represented by Martínez, it seems that the course followed by the clerk of the trial court in giving notice of the adverse judgment rendered to the attorney who appeared last was logical, and as the attorney accepted the notice, he could appeal in the name of the interested party.

Undoubtedly the action of the new attorney could and should have been more formal and all of these difficulties would have been avoided, but the fact is that he intervened for his absent colleague in defense of the interests entrusted to him and was admitted as such by the court. The attorney insists that he represents the party for whom he appeared and his word should be believed unless the credit to which he is prima facie entitled should be destroyed. The rule of the court quoted is not opposed to the admission of an attorney as of record in cases other than those specified therein.

The averment of the appellees that attorney M. Tous Soto represented all of the defendants is contradicted under oath by attorney Tous himself.

For the foregoing reasons the new motion to dismiss is overruled.